UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY L. BILIOURIS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID CAINE PATMAN,<br>DAVID "PAT" PATMAN, AND<br>BEVERLY ANN PATMAN,<br><br>Defendants. | Civil Action No. 3:16-cv-1461-M |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 4). For the reasons stated below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.  BACKGROUND**

On May 31, 2016, Plaintiffs filed their Complaint alleging that Defendants violated the Texas Uniform Fraudulent Transfer Act ("TUFTA"), to avoid paying a judgment against them arising from a suit by these Plaintiffs for breach of contract, fraud, negligent misrepresentation, unjust enrichment, civil conspiracy, aiding and abetting, and a violation of the Texas Securities Act ("the underlying case").[1] On August 11, 2010, following a jury trial, another judge on this Court entered an Amended Final Judgment[2] in favor of the Plaintiffs against Defendant David Pat Patman ("Pat"), for in excess of $8,000,000.[3]

---

[1] Pls.' First Am. Compl., Appl. for Prelim. Inj. & Appl. for Appointment of Receiver, *Timothy L. Biliouris, et al. v. Sundance Resources, Inc., et al.*, No. 3:07-CV-01591 (N.D. Tex. June 30, 2008).
[2] Am. Final J., *Timothy L. Biliouris, et al. v. Sundance Resources, Inc., et al.*, No. 3:07-CV-01591 (N.D. Tex. Aug. 11, 2010).
[3] *Id.*

Plaintiffs claim that in 2008, Pat and Beverly Ann Patman, ("Beverly") gave a gift of a real estate parcel, valued at $400,000, to their son David Caine Patman ("David"), but that Plaintiffs did not know about the transfer until they learned of it in Beverly's post-judgment deposition on August 26, 2015.[4] Plaintiffs further claim that Pat made a gift of a 1956 Chevrolet to David, in March 2009, two months before the jury trial began in the underlying case. Plaintiffs contend they did not know about this gift until May 30, 2015. Plaintiffs also claim that in Beverly's post-judgment deposition, they discovered that in 2010, after the judgment in the underlying case was entered, Pat and Beverly made additional gifts to David, including paying for a portion of his wedding expenses and honeymoon trip.

Plaintiffs allege TUFTA §§ 24.005(a)(1), 24.005(a)(2)(B), and 24.006(a) were violated when Pat and Beverly made the three transfers to David between 2008 and 2010. Section 24.005(a)(1) provides that a debtor's transfer is "fraudulent as to the creditor," if the debtor made the transfer "with an actual intent to hinder, delay, or defraud any creditor of the debtor."[5] Section 24.005(a)(2)(B) provides that a transfer is fraudulent if the debtor did not receive a "reasonably equivalent value in exchange for the transfer, and the debtor…intended to incur, or believed or reasonably should have believed that the debtor would incur debts beyond the debtor's ability to pay as they became due."[6] Section 24.006(a) provides that a transfer by a debtor is "fraudulent as to the creditor whose claim arose before the transfer was made" if the debtor made the transfer "without receiving equivalent value in exchange for the transfer…and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer."[7]

---

[4] Plaintiffs' Original Complaint was filed on May 31, 2016. The Complaint illogically alleges Beverly's deposition was on August 26, 2016. The Court reads this as a typographical error, and assumes that the deposition occurred on August 26, 2015.
[5] Tex. Bus. & Com. Code § 24.005(a)(1).
[6] Tex. Bus. & Com. Code § 24.005(a)(2)(B).
[7] Tex. Bus. & Com. Code § 24.006(a).

Defendants have moved to dismiss under Rule 12(b)(6), asserting that Plaintiffs' claims have been extinguished under TUFTA's statute of repose, codified at § 24.010. Fed. R. Civ. P. 12(b)(6).

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard in Rule 8 does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570. A claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

## III. ANALYSIS

### A. Transfers Under TUFTA § 24.005(a)(1)

Defendants assert that the statute of repose bars Plaintiffs' claims as a matter of law. The statute of repose extinguishes § 24.005(a)(1) claims unless they were brought within four years of the date when the transfer was made or, if later, within one year after the transfer was or could reasonably have been discovered by the Plaintiffs.[8]

1. <u>Real Property</u>

The real estate transfer of which the Plaintiffs complain occurred in 2008, but Plaintiffs filed this suit in 2016. Plaintiffs claim they first learned on August 26, 2015, that Pat and Beverly made the transfer. The only way the statute of repose does not bar Plaintiffs' claim that the real

---

[8] Tex. Bus. & Com. Code § 24.010(a)(1).

estate was fraudulently transferred is the discovery rule, but that rule "does not apply to claims that could have been discovered through the exercise of reasonable diligence." *Kerlin v. Sauceda*, 263 S.W.3d 920, 925 (Tex. 2008). The Court takes judicial notice of the filing on January 25, 2008, of the Warranty Deed from Pat and Beverly to David in the real estate records maintained by the Johnson County Clerk. The deed was recorded on April 3, 2008. A certified copy is attached to Defendants' Motion to Dismiss.[9] Under Texas law, "[a]n instrument that is properly recorded in the proper county is 1) notice to all persons of the existence of the instrument; and 2) subject to inspection by the public."[10] Further, the "filing of an instrument is notice to all persons." *Alkas v. United Sav. Ass'n of Tex. Inc.*, 672 S.W.2d 852, 856 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.). Real property records have been held to constitute constructive notice which creates an irrebuttable presumption of actual notice. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 887 (Tex. 1998); *Cosgrove v. Cade*, 468 S.W.3d 32, 38 (Tex. 2015). Plaintiffs had record notice of the transfer when the deed was properly recorded in 2008.

Plaintiffs cite *Johnston v. Crook*, 93 S.W.3d 263, 271–73 (Tex. App—Houston [14th Dist.] 2002, pet. denied) for the proposition that a registered warranty deed does not necessarily negate the discovery rule. However, the issue in *Johnston* was whether the warranty deed by itself conclusively established when a fraudulent transfer should have been discovered. Here, the issue is whether properly recording a deed in the proper county constitutes notice, and whether such notice means Plaintiffs should have discovered the transfer and its allegedly fraudulent nature with the exercise of reasonable diligence. *See Janvey v. DSCC*, 712 F.3d 185, 195 (5th Cir. 2013). Texas Property Code § 13.002 and the Texas Supreme Court's decisions in *HECI*

---

[9] In deciding a Motion to Dismiss under Rule 12(b)(6), a district court may permissibly refer to matters of public record. *See Cinel v. Connick*, 15 F.3d 1338, 1346 (5th Cir. 1994); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).
[10] Tex. Prop. Code § 13.002.

*Exploration Co. v. Neel*, 982 S.W.2d 881, 887 (Tex. 1998) and *Cosgrove v. Cade*, 468 S.W.3d 32, 38 (Tex. 2015) articulate that a properly recorded deed constitutes notice.[11]

The discovery rule does not excuse the Plaintiffs from exercising reasonable diligence by checking the deed records to protect their interests. *See WAMCO XXVIII, Ltd. v. Casa Grande Cotton Fin. Co.*, 314 F. Supp. 2d 655, 657–58 (N.D. Tex. 2004). Plaintiffs did not exercise such diligence in this case. Despite filing a complaint for breach of contract and fraud in 2007 and an Amended Final Judgment in their favor in 2010, they apparently still did not check the deed records for at least another five years.[12] Although when a Plaintiff knew or should have known of an injury is generally a question of fact, "the limitations period may be determined as a matter of law" if "reasonable minds could not differ about the conclusion" based on the facts. *Janvey v. DSCC*, 712 F.3d at 196. Even viewing the facts in the light most favorable to Plaintiffs, the Court finds determination as a matter of law is appropriate. Plaintiffs claim that the real estate was transferred in violation of § 24.005(a)(1) is thus barred by § 24.010(a)(1). Defendants' Motion to Dismiss Plaintiffs' § 24.005(a)(1) claim regarding the real property is therefore **GRANTED**.

2. <u>1956 Chevrolet</u>

The transfer of the 1956 Chevrolet was on March 3, 2009. Plaintiffs did not bring their claim within four years after the transfer was made, so Defendants must satisfy the discovery rule to overcome the statutory bar. The parties agree that the Plaintiffs first learned on May 30, 2015, that Pat gave the Chevrolet to David. Although Plaintiffs filed their Complaint on May 31,

---

[11] Texas Property Code § 13.002 was amended after *Johnston* to include the second clause, "subject to inspection by the public." Unlike in *Johnston*, this Court finds the recording of the deed and notice under the Texas Property Code conclusively establish when Plaintiffs should have known about the allegedly fraudulent transfer of real property.
[12] Plaintiffs filed a complaint in *Biliouris, et al. v. Sundance Resources, Inc., et al.*, No. 3:07-CV-01591 on September 17, 2007. In 2010, an Amended Final Judgment was granted in their favor for over $8,000,000, but Plaintiffs did not discover the real property transfer until 2015.

5

2016, the one year discovery rule did not run, because May 30, 2016, was a federal holiday.[13] When Plaintiffs discovered or could reasonably have discovered a transfer is a question of fact, which normally cannot be resolved on a Motion to Dismiss. *Janvey*, 712 F.3d at 196. Therefore, Defendants' Motion to Dismiss Plaintiffs' § 24.005(a)(1) claim for the transfer of the 1956 Chevrolet is **DENIED**.

    3. <u>Wedding-Related Payments</u>

Plaintiffs allege that after the judgment in the underlying case was entered in 2010, Pat and Beverly made additional gifts to David, including paying for a portion of his wedding expenses and his honeymoon trip. Plaintiffs brought this claim more than four years after these gifts were made. The parties dispute whether or not Plaintiffs could reasonably have discovered these payments before May 30, 2015, which is one year before Plaintiffs filed their Complaint. Because this inquiry presents a question of fact, Defendants' Motion to Dismiss Plaintiffs' § 24.005(a)(1) claim regarding the wedding-related expenses is **DENIED**.

    **B. The Transfers Under TUFTA § 24.005(a)(2)(B)**

Plaintiffs claim the transfers by Pat and Beverly to David were fraudulent under § 24.005(a)(2)(B), because they were made "without receiving a reasonably equivalent value in exchange for the transfer or obligation," and the debtor "intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due."[14]

In their Motion to Dismiss, Defendants assert that this claim is barred by the statute of repose. Section 24.010(a)(2) extinguishes any cause of action under § 24.005(a)(2)(B) if it is not

---

[13] But for the holiday, the original discovery rule would have expired on May 30, 2016. However, the holiday extended the last day to file to May 31, 2016. *See* Fed. R. Civ. P. 6(a)(6)(A).
[14] Tex. Bus. & Com. Code § 24.005(a)(2)(B).

brought within four years after the transfer was made.[15] Section 24.010(b)(1) provides a discovery rule exception for claims under § 24.005(a)(2)(B) only if the cause of action is brought on behalf of a spouse, minor, or ward with respect to a fraudulent transfer.[16] More than four years has passed since the transfers and Plaintiffs have not pleaded that the exception under § 24.010(b)(1) applies here. Therefore, Defendants' Motion to Dismiss Plaintiffs' § 24.005(a)(2)(B) claims is **GRANTED**.

### C. Wedding-Related Payments under § 24.006(a)

Plaintiffs also claim the wedding-related payments by Pat and Beverly to David were fraudulent under § 24.006(a), because the payments were made without Pat and Beverly receiving a reasonably equivalent value in exchange for the transfers, and that Pat and Beverly were insolvent. Compl. ¶ 45.

In their Motion to Dismiss, Defendants again assert that the claim is barred by the statute of repose. Section 24.010(a)(2) extinguishes any cause of action under § 24.006(a) if it is not brought within four years after the transfer was made.[17] The discovery rule exception under § 24.010(b)(1) for claims under § 24.006(a) applies only if the cause of action is brought on behalf of a spouse, minor, or ward with respect to a fraudulent transfer.[18] More than four years has passed since the payment of the wedding-related expenses and Plaintiffs have not pleaded that the exception under § 24.010(b)(1) applies here. Therefore, Defendants' Motion to Dismiss Plaintiffs' § 24.006(a) claim is **GRANTED**.

---

[15] Tex. Bus. & Com. Code § 24.010(a)(2).
[16] Tex. Bus. & Com. Code § 24.010(b)(1).
[17] Tex. Bus. & Com. Code § 24.010(a)(2).
[18] Tex. Bus. & Com. Code § 24.010(b)(1).

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED with prejudice** on the fraudulent transfer of real property under § 24.005(a)(1). On the claims under § 24.005(a)(2)(B) and under § 24.006(a), the Motion to Dismiss is **GRANTED without prejudice**. Plaintiffs may plead, on or before April 21, 2017, if they can do so without violating Fed. R. Civ. P. 11, that the exceptions to the statutory bar provided in § 24.010(a)(2) and § 24.010(b)(1) apply to any of the Plaintiffs. If such pleading is not filed by the due date, Plaintiffs' claims under § 24.005(a)(2)(B) and § 24.006(a) will be dismissed with prejudice.

**SO ORDERED**.

March 21, 2017.

_____
**BARBARA M. G. LYNN**
**CHIEF JUDGE**